## Gordon v. People's National Fire Insurance Co. et al.

*Fire insurance — Statement of claim — Waiver of proofs of loss — Averments of.*

1. In an action on a fire insurance policy which requires proofs of loss to be furnished within sixty days after the fire, unless such time be extended in writing, an averment in the statement of claim that plaintiff was informed that there was no necessity to file a proof of loss until a settlement should be arrived at is insufficient, as such averment fails to show from whom the information was received or what representative or agent misled the plaintiff or under what authority they acted.

2. So, also, an averment in the statement that proofs were not furnished because plaintiff had been requested by defendant not to furnish them during negotiations for settlement is insufficient, in the absence of an averment that the alleged request extended the time beyond the sixty days.

Petitions to amend statements.  C. P. No. 5, Phila. Co., March T., 1921, Nos. 4981 and 4982.

*M. G. Weinberg*, for plaintiff; *B. Henry*, for defendants.

MARTIN, P. J., Jan. 25, 1922.—Suit was instituted upon policies of insurance to recover a loss caused by fire.

Statements of claim were filed, to which copies of the policies were attached, containing a condition requiring proof of loss to be furnished the insurer.

It was averred in the statements that proof of loss was not supplied because the matter was being adjusted on behalf of defendant company by the General Adjustment Bureau, and that a number of conferences caused the delay in filing proofs of loss.

Demurrers were filed to the statements.

It was agreed by counsel that, as the facts were similar in each case, the decision of the court in the suit against the Insurance Company of North America should govern the other cases.

After argument of that case, judgment was entered for defendant, but before the entry of judgment upon the record in the other cases counsel presented a petition for leave to amend the other statements of claim to read: "The plaintiff alleges further that the matter was taken up on behalf of the defendant by the General Adjustment Bureau of the City of Philadelphia, who was taking care of the interests of the defendant company. During the month of January, 1921, the plaintiff was informed that there was no necessity to file a proof of loss until a settlement would be arrived at by and between the parties. The plaintiff alleges further that he was, therefore, misled and deceived by the defendant company through their representatives and agents, and that a proof of loss was not filed by the plaintiff until some time later. The plaintiff further avers that he did not supply a proof of loss because he had been so requested by the defendant during the negotiations of the settlement as heretofore alleged; that it was not until March 1, 1921, that he supplied the proof of loss, which showed the amount of loss to be $1922.75, that the share of the defendant company was $412.05, which proof of loss was received by the said defendant."

Under the terms of the policies, the insured was required within sixty days after the fire, unless such time was extended in writing by the companies, to render the companies proof of loss.

The averments which he proposes to add to the statement of claim do not allege that any written extension was granted, or that a person authorized by the companies to waive this provision had done so. It is averred "that the

plaintiff was informed that there was no necessity to file a proof of loss until a settlement would be arrived at by and between the parties;" but it is not stated from whom the information was received or what representatives and agents misled and deceived the plaintiff, or under what authority they acted.

In stating that he did not supply proof of loss "because he had been so requested by the defendant during the negotiations of settlement," there is no averment that the alleged request extended the time beyond sixty days, or that it was anything other than "as heretofore alleged."

The amendments, if allowed, taken in conjunction with the other parts of the statements of claim, would not constitute a good cause of action against defendants under the terms of the policies of insurance attached to the statements of claim. Petition refused.